# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RICKEY E. HAMILTON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:13-0350-DGK-SSA |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Rickey Hamilton seeks judicial review of the Commissioner of Social Security's partial denial of his applications for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et. seq.*, and supplemental security income ("SSI") based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 *et. seq*. The Administrative Law Judge ("ALJ") found Plaintiff was not disabled. After reviewing evidence that was not available to the ALJ, the Appeals Council of the Social Security Administration partially overturned the ALJ's decision. In relevant part, the Appeals Council found that Plaintiff became disabled as of June 17, 2011, but prior to that date, he retained the residual functional capacity ("RFC") to perform a range of light work.

After careful review, the Court holds the Appeals Council's decision is supported by substantial evidence on the record as a whole, and the Commissioner's decision is AFFIRMED.

### Factual and Procedural Background

The medical record is summarized in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed his application for disability insurance benefits and SSI on March 3, 2010, alleging a disability onset date of January 19, 2009. The Commissioner denied Plaintiff's applications at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing, and on November 30, 2011, issued her decision finding Plaintiff was not disabled. The Appeals Council accepted Plaintiff's request for review and on March 8, 2013, issued a partially favorable decision finding Plaintiff was disabled as of June 17, 2011.

Plaintiff has exhausted all of his administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability and SSI benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available "zone of choice," and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

**Analysis**

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than twelve months, 42 U.S.C. § 423(d), the Commissioner follows a five-step sequential evaluation process.[1] Plaintiff contends the Commissioner's decision is not supported by substantial evidence and should be reversed because the ALJ and Appeals Council erred by: (1) not finding that his diabetes and associated peripheral neuropathy, hepatitis C, and hypertension were severe impairments; and (2) finding that prior to June 17, 2011, Plaintiff could perform light work. The Court finds no merit to either claim.

**A.     Substantial evidence supports the Commissioner's finding that Plaintiff's diabetes, hepatitis C, and hypertension were not severe impairments.**

A medically determinable impairment is "severe" if it more than minimally affects the claimant's ability to perform basic work activities. The impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques . . . and must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's]

---

[1] The five-step process is as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

statement of symptoms . . ." *Martise v. Astrue,* 641 F.3d 909, 923 (8th Cir. 2011). The claimant bears the burden of establishing that his impairment is severe. *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). Although severity is not an onerous requirement, it is also not a toothless standard. *Id.* at 708.

Substantial evidence supports the ALJ's and the Appeals Council's findings that Plaintiff's diabetes and associated peripheral neuropathy, hepatitis C, and hypertension were not severe impairments. Both the ALJ and the Appeals Council extensively discussed Plaintiff's diabetes, including his allegations of neuropathic pain, and properly analyzed it. R. at 5-9, 19-23, 36-38. For example, in finding his diabetes was not a severe impairment, the ALJ noted that Plaintiff testified that insulin controlled his diabetes, and the Appeals Council observed that his diabetes was well-controlled until June 17, 2011. R. at 6, 23, 26 883-84. Since it is well-established that "[i]mpairments that are controllable or amenable to treatment do not support a finding of disability," the ALJ and Appeals Council did not err. *Davidson v. Astrue*, 578 F.3d 838, 846 (8th Cir. 2009). The ALJ and Appeals Council also recognized that Plaintiff's peripheral neuropathy complicated his diabetes, but rightly noted that objective neurological evaluations did not show significant deficits stemming from the peripheral neuropathy. R. at 6, 23. The record confirms this finding: Plaintiff passed a 10 gram monofilament test on both feet,[2] and his deep tendon reflexes were symmetrical and intact. R. at 517-18.

Similarly, the ALJ and Appeals Council did not err in concluding that Plaintiff's hepatitis C was not a "severe" impairment because Plaintiff failed to show that it had any affect on his ability to work. The ALJ noted that Plaintiff was diagnosed with hepatitis C after complaining

---

[2] In this test, a soft nylon fiber called monofilament is used to test the patient's sensitivity to touch. If the patient is unable to feel the filament on his feet, it is a sign that the patient has lost sensation in those nerves. Mayo Clinic, http://www.mayoclinic.org/diseases-conditions/diabetic-neuropathy/basics/tests-diagnosis/con-20033336 (last visited July 31, 2014).

4

of abdominal pain in January 2009, but the cause of his pain was subsequently determined to be related to biliary colic/gallstones, and his hepatitis C was asymptomatic. R. at 19, 22-23, 410-11. Likewise, the Appeals Council recognized that Plaintiff had chronic hepatitis and discussed several tests related to his liver function, none of which suggested Plaintiff's hepatitis affected his ability to work prior to June 17, 2011. R. at 6, 598, 609, 741-42. And Plaintiff does not identify any evidence contradicting this finding, nor can the Court find any.

The ALJ and Appeals Council also did not err in finding that Plaintiff's hypertension, that is, high blood pressure,[3] was not a severe impairment because there is no evidence suggesting it affected his ability to work. Although the ALJ and Appeals Council both found Plaintiff's hypotension—low blood pressure[4]—was a severe impairment (drawing on testimony that Plaintiff's low blood pressure predisposed him to falling,[5] making it unsafe for him to perform certain work), there is no evidence in the record that high blood pressure affected his ability to work. R. at 7, 19, 36, 40, 45. Indeed, the evidence Plaintiff cites in his brief actually refers to his problems with low blood pressure, not high blood pressure. Pl.'s Br. at 16 (citing R. at 40, 45).

Finally, there is no merit to Plaintiff's claim that because the ALJ and Appeals Council did not find any of the above to be severe impairments, they failed to consider the effects of these impairments in combination. The extensive discussion in the record of these impairments at step two in determining the severity of his impairments and later at step four in determining

---

[3] Hypertension is high arterial blood pressure. Dorland's Illustrated Medical Dictionary at 896 (32nd ed. 2012).

[4] Hypotension, on the other hand, is abnormally low blood pressure. Dorland's Illustrated Medical Dictionary at 906 (32nd ed. 2012).

[5] Despite finding that Plaintiff and his wife exaggerated these symptoms for the purpose of obtaining benefits, the ALJ apparently gave Plaintiff the benefit of the doubt as to his hypotension's severity. R. at 19, 24.

Plaintiff's RFC demonstrates that the ALJ and Appeals Counsel considered the combined effects of Plaintiff's impairments. R. at 5-7, 19-24.

Thus, substantial evidence supports the Commissioner's step two findings.

**B.      Substantial evidence supports the Commissioner's finding that Plaintiff retained the RFC to perform light work prior to June 17, 2011.**

Substantial evidence also supports the Commissioner's final decision—that is, the Appeals Council's decision[6]—that prior to June 17, 2011, Plaintiff retained the RFC to perform a range of light work and therefore was not disabled prior to this date. As a threshold matter, it is the claimant's burden, not the Commissioner's, to prove the claimant's RFC. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). And no treating or examining physician ever recommended any long-term restrictions on Plaintiff's ability to work, nor is there other evidence in the record indicating Plaintiff was unable to engage in light work prior to June 17, 2011.

Also, the record supports the Appeals Council's decision. For example, the state agency medical consultant who reviewed Plaintiff's medical records, Dr. Susan Rosamond, M.D., opined that Plaintiff could perform light work. R. at 24, 615-21. The regulations recognize that state agency medical consultants are "highly qualified . . . experts in Social Security disability evaluation" whose findings may be considered as opinion evidence. 20 C.F.R. § 404.1527(e)(2)(i). Dr. Rosamond's report cited specific evidence in support of her opinion, including Plaintiff's medical history and test results. R. at 620. Dr. Rosamond's opinion is consistent with the record as a whole and not inconsistent with any treating physician's opinion, thus the record supports relying on her opinion. Additionally, a medical consultant to the Appeals Council, Dr. George Bell, M.D., reported on October 16, 2012, that Plaintiff's

---

[6] When an ALJ and the Appeals Council disagree, it is the Appeals Council's decision which is the Commissioner's final decision. 20 C.F.R. §404.981; *Welch v. Heckler*, 808 F.2d 264, 267 (3d Cir. 1986).

impairments would preclude him from working after June 17, 2011, indicating Plaintiff could work prior to this date. R. at 1079.[7]

The Court is not persuaded by Plaintiff's argument that the ALJ and the Appeals Council erred in not including an RFC limitation on Plaintiff's ability to use his feet or to handle and finger small objects. A claimant's RFC is based on the combined effects of all of a claimant's *credible* limitations. 20 C.F.R. § 416.945 (emphasis added). The Court emphasizes that the RFC determination is limited to credible limitations because the ALJ and Appeals Council both found that Plaintiff's subjective complaints were credible and supported by the record only to the extent they indicated he was limited to light work, not sedentary work, prior to June 17, 2011. R. at 8, 20, 23-24. They found Plaintiff was not fully credible because: (1) there was a lack of objective medical evidence supporting his claims; (2) he and his wife appeared to be exaggerating their symptoms for the purpose of obtaining benefits; (3) he failed to comply with suggested treatment; and (4) he had a tendency to abuse prescription opiates, including engaging in drug seeking behavior, which cast doubt on his allegations of disabling pain. R. at 8, 23-24. This credibility determination is supported by the record and unchallenged by Plaintiff, R. at 410-11, 427, 431-34, 445, thus the Court must uphold it. *Buckner*, 646 F.3d at 556; *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003) (noting credibility questions are "primarily for the ALJ to decide, not the courts."). Accordingly, the Court cannot find that the Commissioner erred in determining Plaintiff's RFC.

---

[7] The fact that the ALJ found Plaintiff was capable of performing light work after June 17, 2011, does not matter. The Appeals Council found he could not, R. at 5, and the Appeals Council's decision is the Commissioner's final decision. 20 C.F.R. §404.981; *Welch*, 808 F.2d at 267.

## Conclusion

Substantial evidence on the record supports the Commissioner's decision, and so the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:     August 20, 2014                       /s/ Greg Kays
                                                                         GREG KAYS, CHIEF JUDGE
                                                                         UNITED STATES DISTRICT COURT